IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTUAN WILLIAMS,

     Plaintiff,                    No. CIV S-03-0615 DFL GGH P

   vs.

PLILER, et al.,

     Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. 1983. Pending before the court is plaintiff's motion to compel filed January 12, 2006. On February 28, 2006, defendants filed an opposition. After carefully considering the record, the court orders plaintiff's motion denied.

        This action is proceeding on the second amended complaint filed May 16, 2005. Plaintiff alleges that he was placed on lockdown for three to six months on three separate occasions although he violated no rules. Plaintiff appears to claim that because an inmate of his racial group committed a rules violation, defendants decided to punish all inmates of his racial group by placing them on lockdown. The alleged misconduct which resulted in the lockdowns occurred on January 4, 2002, May 8, 2002, and December 28, 2002. Plaintiff alleges that he was denied due process in connection with his lockdown status. Plaintiff also claims that the

conditions of lockdown (inadequate exercise, etc.) violated his Eighth Amendment rights. Finally, plaintiff alleges that defendants violated his constitutional rights by prohibiting him from possessing magazines containing frontal nudity.

At issue are request for production of documents, nos. 1-7. In their opposition, defendants state that they have now provided plaintiff with documents responsive to request nos. 1 and 6. Accordingly, the motion to compel is deemed resolved with respect to these requests.

Request no. 2 seeks "CDC disciplinary documents on January 4, 2002." Request no. 3 seeks, "CDC 115 disciplinary documents on May 8, 2002." Request no. 4 seeks, "CDC disciplinary reports on December 28, 2002 including hearings conducted." Defendants objected to all three requests on grounds that they called for information that was equally available to plaintiff in that the documents sought were in plaintiff's CDC central file.

In the opposition to the pending motion to compel, defendants state that they initially believed that plaintiff was asking for documents concerning his own disciplinary hearings on these dates, i.e. January 4, 2002, May 8, 2002, and December 28, 2002. After conducting a search, defendants could not locate any disciplinary documents for plaintiff pertaining to these dates. For that reason, defendants directed plaintiff to his own central file because the information, if it existed, was available to him.

Defendants state that after reviewing plaintiff's motion to compel, they realized that plaintiff was seeking all of the 115 reports issued at California State Prison-Sacramento (CSP-Sacramento) on these dates. Defendants' opposition contains objections to the requests based on this understanding. Because defendants' confusion regarding the nature of these requests was reasonable, the court will consider the objections contained in defendants' opposition.

Defendants object that these requests call for confidential information, are overly burdensome and oppressive, as well as vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

1    Requests nos. 2-4 are clearly overbroad in that not every disciplinary report issued
2 on these dates is relevant to plaintiff's claim.  The court assumes that plaintiff may be trying to
3 use disciplinary reports, or the lack thereof, to prove that other inmates of his racial group were
4 placed on lockdown but not charged with a rules violation.  Plaintiff's requests, however,
5 encompass rules violation reports issued to inmates for matters entirely unrelated to the
6 allegations in the second amended complaint.  For example, plaintiff's request would include a
7 rules violation report issued to a white inmate (the court assumes that plaintiff is not white) for
8 disobeying an order.  This rules violation report would not be relevant to plaintiff's claims.
9 Accordingly, the motion to compel with respect to request nos. 2-4 is denied.

10    Request no. 5 provides, "Plaintiff requests for inspection California Code of
11 Regulations which permit and interpret a connoted policy to punish a prisoner for the action of
12 another prisoner bad acts for over a five month period. When the department are aware of the
13 involved prisoners."  Defendants objected to this request on grounds that it was vague and
14 argumentative. Defendants also advised plaintiff that a copy of the California Code of
15 Regulations was available for inspection and copying in the prison law library.

16    The court agrees that request no. 5 is vague and argumentative.  To the extent that
17 plaintiff is seeking copies of regulations, the regulations are most likely equally available to
18 plaintiff in the California Code of Regulations available in the prison law library.

19    In request no. 7, plaintiff states that he is seeking to inspect the "complete fact-
20 finding report in its entire.  That was file to prohibit retaliation against plaintiff on March 12,
21 2003."  Defendants initially objected to this request on grounds that it was vague, ambiguous and
22 unintelligible.  Defendants also stated that if plaintiff would clarify the request, they would
23 provide an amended answer.  In their opposition, defendants state that plaintiff did not clarify his
24 request.

25    The court agrees that request no. 7 is vague and ambiguous.  Accordingly, the
26 motion to compel with respect to this request is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel filed January 12, 2006, is denied.

DATED:   3/14/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
will615.com